Loree **TAND**, Plaintiff,

v.

**SOLOMON SCHECHTER DAY SCHOOL OF NASSAU COUNTY, Defendant.**

No. 03–CV–5822(ADS)(JO).

United States District Court, E.D. New York.

July 14, 2004.

Richard J. Reisch, Esq., Carle Place, NY, Attorney for the Plaintiff Loree Tand.

Kane Kessler, P.C., by Louis M. Traub, Esq., Of Counsel, New York, NY, Attorneys for the Defendant Solomon Schechter Day School of Nassau County.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This action arises out of claims by Loree Tand ("Tand" or the "plaintiff") that her former employer Solomon Schechter Day School of Nassau County ("Solomon Schechter" or the "defendant") terminated her employment in violation of the collective bargaining agreement that governed Tand's employment (the "CBA" or the "Agreement"). Presently before the Court is a motion by Solomon Schechter to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") for failure to state a claim upon which relief can be granted, or alternatively, for summary judgment pursuant to Rule 56.

## I. BACKGROUND

The facts are taken from the complaint unless otherwise noted. Sometime in 1999, Tand commenced employment at Solomon Schechter as a faculty member. Effective from July 1, 2001 through June 30, 2005, the CBA was in place between Solomon Schechter and the United Teachers Association of Solomon Schechter Day School of Nassau County, NEA/NY (the "Teachers Association"), the labor union recognized by Solomon Schechter as the representative of its employees, including Tand.

The complaint states that according to Article V(b) of the CBA, "faculty members . . . were to receive oral and written notice of non-reappointment no later than April 1st, of the third year or any successive year of service at [the] school." Compl. 6. The 2002–2003 school year was to be Tand's fourth year of employment at Solomon Schechter. According to the terms of the CBA, Tand was to receive a base salary of $36,855. In addition to her base salary, Tand was entitled to additional compensation for coaching athletics in the sum of $11,200.

By April 1, 2002, Tand did not receive notice of "non-reappointment." Thereafter, in a letter dated April 8, 2002, Solomon Schechter informed the plaintiff that her reappointment as a full-time teacher at Solomon Schechter was approved for the 2002–2003 school year. Subsequently, on August 21, 2002, Tand met with the administration of Solomon Schechter and was informed that due to budgetary restraints, she would not be employed for the 2002–2003 school year.

The complaint alleges that the August 21, 2002 notification of nonreappointment was untimely under the terms of the CBA and therefore constituted a breach of the Agreement.

On October 27, 2003, the plaintiff commenced the present action in the Supreme Court, Nassau County. In this action, the plaintiff seeks damages in the amount of $48,055, representing the salary she was to earn during the 2002–2003 school year. On November 19, 2003, the defendant removed the action to the Court pursuant to 28 U.S.C. 1441 and 1446(a).

The defendant now moves to dismiss the claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or alternatively, for summary judgment. In support of its motion, the defendant argues that: (1) the plaintiffs claims are pre-empted by section 301 of the Labor Management Relations Act, 29

U.S.C. 185, ("LMRA" or the "Act") and barred by the Act's six-month statute of limitations; and (2) the plaintiffs claims are covered by the CBA and as such, the defendant was compelled to use the contractual grievance and arbitration remedies provided for in the Agreement.

## II. DISCUSSION

### A. Rule 12(b)(6) Standard

The Court should not dismiss the complaint pursuant to Rule12(b)(6) unless it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Goldman v. Belden,* 754 F.2d 1059, 1065 (2d Cir.1985) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also King v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). In deciding the motion the Court must determine whether the complaint on its face is legally sufficient. *Goldman,* 754 F.2d at 1067. In doing so, the Court must accept the allegations of the complaint as true and construe all reasonable inferences in favor of the plaintiff. *See Tarshis v. Riese Org.,* 211 F.3d 30, 35 (2d Cir.2000) (citing *Desiderio v. National Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir.1999)).

In deciding a Rule 12(b)(6) motion a court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken. . . ." *Samuels v. Air Transport Local 504,* 992 F.2d 12, 15 (2d Cir.1993); *Tarshis,* 211 F.3d at 39 (citing *Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991)).

Here, the defendant's Reply Memorandum of Law in Further Support of the Motion to Dismiss the Complaint includes facts relating to another employee that were not included in the complaint. Def. Reply Mem. of Law 4. The Court declines to covert their motion to one for summary judgment in order to consider the material. *See Fonte v. Bd. of Managers of Cont'l Towers Condo.,* 848 F.2d 24, 25 (2d Cir. 1988) (stating that a court has the choice of converting a Rule 12(b)(6) motion to one for summary judgment in order to consider material outside the pleadings but must afford all parties an opportunity to submit supporting material). The Court also notes that the defendant did not follow the Court's rules regarding making motions for summary judgment. *See* Individual Rule IV(C). Accordingly, the Court will address this only as a motion to dismiss under Rule 12(b)(6).

### B. Section 301 Preemption

The defendant contends that section 301 of the LMRA governs this action and, as such, a six-month statute of limitation applies. The Court must first decide whether section 301 applies to this case and if so, what is the appropriate statute of limitations.

#### 1. Application of Section 301

█ Section 301 of the LMRA, among other things, "governs actions by an employee against an employer for breach of a collective bargaining agreement." *Dougherty v. American Tel. and Tel. Co.,* 902 F.2d 201, 203 (2d. Cir.1990); *see also Heaning v. Nynex–New York,* 945 F.Supp. 640, 645 (S.D.N.Y.1996). Suits arising under section 301 include "those seeking to vindicate 'uniquely personal' rights of employees such as wages, hours, overtime pay, and wrongful discharge." *Hines v. Anchor Motor Freight,* 424 U.S. 554, 562, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976) (quoting *Smith v. Evening News Assn.,* 371 U.S. 195, 199, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962)).

■■ Thus, Section 301 preempts state law claims in any case involving the interpretation of rights and responsibilities under a collective bargaining agreement, regardless of whether the plaintiff's claims sound in tort or contract. *See Cespuglio v. Ward,* No. 03 CIV. 8603, 2004 WL 1088235, at *3 (S.D.N.Y. May 13, 2004); *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985) (State law claims are preempted to the extent that resolution of those claims "is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract.") However, state law claims are not preempted by federal labor law if they exist independently of a collective bargaining agreement and can be resolved without its interpretation. *Fleming v. Stop & Shop Supermarket Co.,* No. 96 Civ. 594, 1997 WL 298399, at * 7 (D. Conn March 31, 1997) (The test for determining whether a state law claim is preempted by section 301 is "whether the claims exist independent of any rights established by the contract or whether the claims are inextricably intertwined with considerations of the terms of the contract." (internal quotations omitted)).

■ Here, the plaintiff alleges that Solomon Schechter's "notification of nonreappointment on August 21, 2002 was untimely under the terms of the [CBA] and therefore a breach of the [CBA]." Compl. ¶ 10. In order to determine whether there was, in fact, a breach of the CBA, the Court must determine the "rights and responsibilities" of the parties under the CBA. The Court must interpret certain articles in the CBA including "Article V— Notice of Non–Reappointment and Resignation." Thus, the plaintiff's claims are preempted by Section 301. *See Dougherty,* 902 F.2d at 203 (2d. Cir.1990).

## 2. Statute of Limitations

Section 301 does not contain a statute of limitations period. *Local 802, Assoc. Musicians of Greater New York v. Parker Meridien Hotel,* 145 F.3d 85, 88 (2d Cir. 1998); *see also AFL–CIO v. Hoosier Cardinal Corp.,* 383 U.S. 696, 697–98, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). The defendant argues that pursuant to *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 172, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), a six-month statute of limitations applies. The Court disagrees. *DelCostello* addresses the statute of limitations for "hybrid" claims. *See DelCostello,* 462 U.S. at 164, 103 S.Ct. 2281 (stating that in "hybrid" section 301 actions, i.e. actions containing allegations against both the employer *and* the union, courts should borrow the six-month statute of limitations period set forth in section 10(b)· of the National Labor Relations Act, 29 U.S.C. 158).

Contrary to the defendant's contention, the current case is most properly characterized as a pure section 301 action in that only Solomon Schechter is named as a defendant. Although hybrid claims may be found in cases where the union is not a named defendant but where the pleadings allege wrongdoing on the union's behalf, *DelCostello,* 462 U.S. at 164–165, 103 S.Ct. 2281, here, the complaint does not indicate that the union breached its duty of fair representation to the plaintiff.

■ In a pure section 301 action, such as this, the "most appropriate" state statute of limitations should be applied. *Hoosier,* 383 U.S. at 703–704, 86 S.Ct. 1107. (stating that when a federal statute fails to include a limitations period, the general rule is to apply the most appropriate state statute of limitations to the federal cause of action). An action such as this which "closely resembles the traditional section 301 breach of contract action ... [is] gov-

erned by analogous state contract law limitations." Here, Tand is alleging a breach of the terms and conditions of the CBA. Thus, a six-year statute of limitation applies to this action. *O'Hare v. General Marine Transport Corp.*, 740 F.2d 160, 167 (2d Cir.1984). *See also Tobin v. Barry*, 678 F.Supp. 1018, 1022 (S.D.N.Y.1987) (applying a six year state of limitations for contract actions to pure section 301 action for breach of a union constitution).

In this case, Tand first learned about the wrongful termination on August 21, 2002 and filed her action on October 27, 2003. The Court finds that this action is timely filed under the Act. Accordingly, the defendant's motion to dismiss based upon the defense of the statute of limitations is denied.

### B. As to the Grievance and Arbitration Procedures

As stated above, the defendant argues that the complaint must be dismissed because the "plaintiff deliberately chose to circumvent the clear language of the CBA [Articles VIII] and the grievance and arbitration mechanisms available to her." Def. Reply Mem. of Law ¶ 3.

■■ In general, when a collective bargaining agreement provides for arbitration and grievance procedures for employee grievances, the aggrieved employee must make an attempt to exhaust the procedures set forth in the governing collective bargaining agreement prior to resorting to judicial relief. *Vaca v. Sipes*, 386 U.S. 171, 184, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Dougherty*, 902 F.2d at 203 (citation omitted); *see also Lopez v. Time, Inc.*, No. 93 Civ. 5330, 1994 WL 88062, at *5 (S.D.N.Y. March 14, 1994) ("It is well established that, before bringing a section 301 action in federal court against an employer, a plaintiff-employee must first exhaust grievance procedures provided by the rele-

vant collective bargaining agreement."); *Cespuglio v. Ward*, No. 03 Civ. 8603, 2004 WL 1088235, at * 4 (S.D.N.Y.2004) ("If employees could sue under section 301 in federal courts in the first instance, mandatory grievance or arbitration proceedings would be meaningless."). "Absent an express provision excluding a particular grievance from arbitration, only the most forceful evidence of a purpose to exclude the claim from arbitration will satisfy a party's substantial hurdle to rebut this presumption of arbitrability." *Vera v. Saks & Co.*, 335 F.3d 109, 118 (2d Cir.2003) (internal quotations omitted).

■ However, exhaustion of grievance and arbitration requirements may be excused where "(1) the employer's conduct amounts to a repudiation of the contractual procedures, or (2) the grievance procedure is controlled by the union and the employee has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance." *Verrilli v. Sikorsky Aircraft Corp.*, No. 03 Civ. 541, 2003 WL 23138450, at *1 (D.Conn. Dec. 8, 2003) (citing *Vaca*, 386 U.S. at 185, 87 S.Ct. 903).

> Article VIII of the CBA states in part:
> *Article VIII—Grievance and Arbitration Procedure*
>
> A. Grievances are claims by an aggrieved unit member that as to him or her ... there has been a violation of the provision(s) of this agreement. The grievant may raise a grievance by conforming to the procedure set forth in paragraph "C" herein below....

■ This Article further states that "grievances shall be reduced to writing and submitted to the principal ... within thirty (30) calendar days of the act or occurrence giving rise to the grievance." CBA Art. VIII(C)(a). The plaintiff contends that Article VIII is limited to ten-

ured teachers. *See* Plf. Aff. in Opp. ¶ 9 (stating that because "Article VIII is silent as to who is a 'unit member' ... the inference that a 'unit member' is a tenured teacher is obvious."). Article I sets forth the definition of the "bargaining unit." CBA Art. I. It states that the "bargaining unit" is composed of those persons employed on a yearly basis or longer by the school who (1) are certified as a teacher by the New York State Commissioner of Education or the Hebrew Equivalent; (2) is responsible for, among other things, the planning, representation and evaluation of classes for students; and (3) is assigned to non-teaching duties in the same manner as teachers.

Further, the use of the permissive word "may" in Article VIII(A) "is not sufficient to overcome the presumption that parties are not free to avoid the contract's arbitration procedures." *Lopez*, 1994 WL 88062, at *5; *see also New York Cross Harbor Railroad Terminal Corp. v. Consolidated Rail Corp.*, 72 F.Supp.2d 70, 77 (E.D.N.Y. 1998) ("Because parties may always agree to arbitrate a dispute, to interpret an arbitration agreement that uses the term 'may' as permitting rather than mandating would violate the age-old principle that contracts must not be interpreted so as to render clauses superfluous or meaningless." (citations omitted)).

Here, there is no basis for excusing the exhaustion of grievance and arbitration remedies. Moreover, the complaint contains no allegation concerning the grievance or arbitration of the plaintiff's alleged wrongful discharge. Without this information, the Court cannot determine whether the plaintiff has a valid claim for relief under Section 301. Therefore, the Court will grant the motion to dismiss but give the plaintiff leave to serve an amended complaint to include the relevant allega-tions, if any, regarding grievance of her claim pursuant to Article VIII of the CBA.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the motion to dismiss the complaint is GRANTED; and it is further

**ORDERED,** that the complaint is dismissed without prejudice; and it is further

**ORDERED,** that the plaintiff shall be permitted to serve and file an amended complaint for the sole purpose to include allegations relating to the grievance of her claim pursuant to Article VIII of the CBA within thirty days of the date of this Order; and it is further

**ORDERED,** that if the plaintiff fails to file an amended complaint within the time prescribed above, the Clerk of the Court is directed to close this case.

**SO ORDERED.**