**Loree TAND, Plaintiff,**

v.

**SOLOMON SCHECHTER DAY SCHOOL OF NASSAU COUNTY, Defendant.**

**No. 03–CV–5822 (ADS)(JO).**

United States District Court, E.D. New York.

July 7, 2005.

Richard J. Reisch, Esq., Carle Place, NY, for Plaintiff Loree Tand.

Kane Kessler, P.C., New York, NY (Lois M. Traub, of Counsel), for Defendant Solomon Schechter Day School of Nassau County.

**MEMORANDUM OF DECISION AND ORDER**

SPATT, District Judge.

This action arises out of claims by Loree Tand ("Tand" or the "Plaintiff") that her former employer Solomon Schechter Day School of Nassau County ("Solomon Schechter" or the "Defendant") terminated her employment in violation of the collective bargaining agreement that governed Tand's employment (the "CBA" or the "Agreement"). The underlying allegations have been summarized by the Court in its July 14, 2004 Memorandum of Decision and Order (the "Order") and familiarity with these facts is assumed. *See Tand v. Solomon Schechter Day School of Nassau County,* 324 F.Supp.2d 379 (E.D.N.Y. 2004).

In the Order, the Court granted a motion by the Defendant to dismiss this action on the basis that the Plaintiff failed to

exhaust the grievance and arbitration requirements that are mandated by the collective bargaining agreement that governed Tand's employment (the "CBA"). *Id.* at 386. In particular the Court held:

> Here, there is no basis for excusing the exhaustion of grievance and arbitration remedies. Moreover, the complaint contains no allegation concerning the grievance or arbitration of the plaintiff's alleged wrongful discharge. Without this information, the Court cannot determine whether the plaintiff has a valid claim for relief under Section 301. Therefore, the Court will grant the motion to dismiss but give the plaintiff leave to serve an amended complaint to include the relevant allegations, if any, regarding grievance of her claim pursuant to Article VIII of the CBA.

*Id.* at 385. The Court also held that because the former employer, Solomon Schechter was the only defendant, and that there were no allegations regarding any wrongdoing by the United Teachers Association of Solomon Schechter Day School of Nassau County, NEA/NY [the "Teachers Association"], this case was most properly characterized as a "pure Section 301 [of the Labor Relations Management Act]" action. *Id.* at 383. Based on that determination, the Court applied a six-year statute of limitations and determined that the action was timely filed. *Id.* at 384.

On August 17, 2004, the Plaintiff filed an Amended Complaint. The Amended Complaint contains two additional allegations relating to her attempts to exhaust the grievance and arbitration remedies:

> ¶ 11. After the non reappointment notice, Tand contacted Cindy Willans, a teacher at the [Solomon Schechter] and Teachers Association representative in order to discuss filing a Grievance relating to her firing as under

Article VI(b)(4) the Teachers Association was granted "Exclusive Organization representation for all grievants." Ms. Willans told Tand that the Teachers Association would not represent Tand in the Grievance proceedings because Tand was not a member of the Association and that in any extent, any attempt at a Grievance under these facts would be futile. Pursuant to this instruction Tand was unable to file a formal grievance pursuant to the CBA.

> ¶ 12. By attempting to elicit help from the Union, Tand exhausted the remedies provided by the CBA. The only alternative for Tand was to file a civil action.

The Defendant now moves to dismiss the Amended Complaint on the grounds that because the amended complaint alleges that the union breached its duty of fair representation, this action is not a pure section 301 action, as the Court had previously determined, but rather a "hybrid claim" that is subject to a 6 month statute of limitations. The Court agrees.

A hybrid action is one in which contains allegations against both the employer and the union. *See DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 164, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Even though the Teachers' Association is not named as a defendant in this action, because the amended complaint alleges that its wrongdoing prevented Tand from filing a formal grievance pursuant to the CBA, this action is most properly characterized as a hybrid action. *See Id.,* 462 U.S. 151, 164–165, 103 S.Ct. 2281, 76 L.Ed.2d 476 ("[H]ybrid claims may be found in cases where the union is not named as a defendant but where pleadings allege wrongdoing on the union's behalf.").

The Plaintiff's argument that this case is a "simple breach of contract action" in which there was a "repudiation" of the

CBA and is thus subject to a six year statute of limitations is without merit. As explained by the Order, where, as here, the Court must interpret the terms of the CBA in order to determine whether there was a breach of the CBA, Section 301 preempts state law claims "whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort." *Vera v. Saks & Co.,* 335 F.3d 109, 114 (2d Cir.2003). Such is the case "[e]ven where 'the plaintiff's well-pleaded complaint alleges on its face only state claims, and no one argues that diversity of citizenship exists between the parties....'" *Meier v. Premier Wine & Spirits, Inc., et al.,* 371 F.Supp.2d 239, 245 (E.D.N.Y.2005) (quoting *Vera,* 335 F.3d at 114).

In addition, with respect to Plaintiff's claims that there has been a repudiation of the CBA, the Court notes that "[t]he party seeking judicial review must do more than merely assert that the other party to its contract has repudiated the agreement. Even where a party ceases to perform its obligations under a contract— and is unjustified in doing so—such nonperformance does not per se amount to a repudiation." *Fraternal Order of Police, Nat. Labor Council v. USPS,* 988 F.Supp. 701, 711 (S.D.N.Y.1997). In that regard, the allegations contained in the amended complaint, even assuming they are true, do not satisfy the high standard for establishing repudiation. *See id.* ("[I]n light of the strong governmental interest in promoting the enforcement of collective bargaining contracts, the standard for establishing repudiation is very high." (internal citation omitted)).

Applying the six month statute of limitations, this action was filed on October 27, 2003, more than 13 months after the alleged wrongful termination, and is time barred.

Accordingly, it is hereby

**ORDERED** that the motion to dismiss by the defendant is **GRANTED**; and it is further

**ORDERED**, that the amended complaint is dismissed in its entirety with prejudice; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**