Michael PEACOCK, Plaintiff,

v.

SUFFOLK BUS CORPORATION, Transportation Workers Union Local 252, John Corrado, Rose Bedell, and Richard Spevak, Defendants.

No. CV 14–4479.

United States District Court, E.D. New York.

Signed April 23, 2015.

Robert C. Jacovetti, Esq., Law Office of Robert Jacovetti, P.C., Mineola, NY, for Plaintiff.

Paul L. Dashefsky, Esq., Smithtown, NY, for Defendants Suffolk Bus Corporation, John Corrado, Rose Bedell and Richard Spevak.

Edward J. Groake, Esq., Michael Dennis Bosso, Esq., Colleran, O'Hara & Mills LLP, Woodbury, NY, Attorneys for Defendant Transportation Workers Union Local 252.

## MEMORANDUM AND ORDER

WEXLER, District Judge:

Before the Court are motions to dismiss the Plaintiff's Amended Complaint by all of the Defendants named herein, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff opposes the motions. For the following reasons, Defendants' motions are granted and this action is dismissed in its entirety.

## FACTS

Beginning in December 2006, Plaintiff, Michael Peacock ("Plaintiff"), was employed as a bus driver by Defendant Suffolk Bus Corporation ("SBC"). (Compl. ¶ 16.) During the course of his employment, Plaintiff received excellent performance reviews. (Compl. ¶ 17.)

On or around December 1, 2011, Plaintiff transported two passengers on his bus who engaged in a threatening verbal argu-

ment. (Compl. ¶ 18.) Plaintiff documented the incident as a "safety violation." (Compl. ¶ 18.) Plaintiff was advised by Defendant Richard Spevak ("Spevak") that an investigation with respect to the incident would not be conducted. (Compl. ¶ 18.) One week later, Plaintiff was suspended for one day for a minor infraction of procedure. (Compl. ¶ 18.)

On or around June 1, 2012, Plaintiff transported a passenger on his bus who threatened him. (Compl. ¶ 19.) Plaintiff contacted dispatch for assistance with the passenger and was instructed by Defendant Rose Bedell ("Bedell") to transport the passenger to his destination. (Compl. ¶ 19.) Immediately after transporting the passenger, Plaintiff attempted to report the incident as a "safety violation." (Compl. ¶ 19.) Plaintiff was advised that an investigation of the incident would be conducted. (Compl. ¶ 19.)

Approximately two weeks later, Plaintiff was involved in a minor accident while driving his bus. (Compl. ¶ 23.) Following the accident, Spevak instructed Plaintiff to return the bus to the yard. (Compl. ¶ 24.) At that time, Plaintiff was escorted to a doctor to submit to a drug and alcohol test, which was negative. (Compl. ¶ 25.)

Plaintiff returned to work the following workday and attended a meeting with Defendants Spevak and Bedell. (Compl. ¶ 26.) During the meeting, Plaintiff was advised, without explanation, that he was being placed on suspension for an unspecified amount of time. (Compl. ¶ 26.) Plaintiff was further advised that Spevak would be conducting an investigation into the accident, as well as Plaintiff's entire employment history. (Compl. ¶ 27.)

Approximately two weeks later, Plaintiff was contacted by Defendant Transportation Workers Union Local 252 ("Local 252" or the "Union") that a hearing with respect to his employment was to be conducted the next day on July 10, 2012. (Compl. ¶ 28.)

Plaintiff attended the hearing and was informed that SBC had discharged him from employment. (Compl. ¶ 29.)

Thereafter, Plaintiff requested that Local 252 initiate a grievance on his behalf. (Compl. ¶ 30.) On July 11, 2012, Local 252 contacted Plaintiff and advised him that a second level hearing would be scheduled. (Compl. ¶ 31.) During the next several weeks, Plaintiff repeatedly attempt to contact Local 252 to ascertain when the second level hearing would be conducted. (Compl. ¶ 32.) On or about July 12, 2012, a second level hearing was conducted without notice to Plaintiff. (Compl. ¶ 33.)

Local 252 contacted Plaintiff on or about August 1, 2012 and informed him that a second level hearing was held and that Plaintiff was not reinstated. (Compl. ¶ 34.) Plaintiff contacted Local 252 and requested that another hearing be scheduled, one in which he would be permitted to participate. (Compl. ¶ 35.) Local 252 never responded to Plaintiff's request. (Compl. ¶ 36.)

Plaintiff commenced the within action on July 25, 2014. In response to a request by SBC for a pre-motion conference in anticipation of filing a motion to dismiss, Plaintiff filed an Amended Complaint on August 15, 2014, containing the following causes of action: (1) civil conspiracy, pursuant to 42 U.S.C. § 1985; (2) violation of 49 U.S.C. § 31105; and (3) a claim titled "relief under equity," which appears to assert a claim for wrongful discharge.

## DISCUSSION

### I. *Legal Standard*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). As a general rule, the court is required to accept as true all of the allegations contained in the complaint. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937; *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 237 (2d Cir.2007).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements ... are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79, 129 S.Ct. 1937 (citation omitted); *see also Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

## II. *Civil Conspiracy*

To state a claim of conspiracy pursuant to 42 U.S.C. § 1985, a plaintiff must allege: ▮ (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States.

*Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir.1999) (citing *Traggis v. St. Barbara's Greek Orthodox Church*, 851 F.2d 584, 586–87 (2d Cir.1988) (additional citations omitted)). Plaintiff must also allege that there is "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

▮ Accordingly, to establish a conspiracy claim, Plaintiff must first demonstrate that he is a member of a group protected under the statute. *See Gleason v. McBride*, 869 F.2d 688, 694–95 (2d Cir. 1989). Here, Plaintiff's Amended Complaint alleges that he is "a member of a political group as a 'whistleblower'...." (Compl. ¶ 39.) However, "whistle-blowers are not a protected class under § 1985." *McEvoy v. Spencer*, 49 F.Supp.2d 224, 227 (S.D.N.Y.1999) (citing cases); *see also Lynch v. The Southampton Animal Shelter Found. Inc.*, 971 F.Supp.2d 340, 355 (E.D.N.Y.2013) (granting summary judgment to defendants on plaintiff's § 1985 conspiracy claim on the grounds that § 1985 protection does not extend to whistleblowers); *Marino v. Jonke*, Nos. 11 CV 430, 11 CV 4425, 2012 WL 1871623, at *9, 2012 U.S. Dist. LEXIS 78661, at *26 (S.D.N.Y. Mar. 30, 2012) (holding that opposition against plaintiff on the basis of his role as a whistleblower "is not grounds for liability under Section 1985(3)."). Where, as here, a plaintiff fails to establish membership in a protected group, a conspiracy claim under Section 1985 may be properly dismissed. *See Gleason*, 869 F.2d at 694–95.

Moreover, claims of conspiracy under § 1985 must contain specific factual allegations. "A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Sommer v. Dixon*, 709 F.2d 173,

175 (2d Cir.1983) (*per curiam*). Plaintiff's Complaint alleges simply that Defendants conspired to deprive Plaintiff of his equal protection rights by unlawfully suspending and discharging him in retaliation for his complaints of safety violations. This is not enough to satisfy the pleading standard set forth above.

Accordingly, Plaintiff's conspiracy claim pursuant to 42 U.S.C. § 1985 is dismissed.

### III. *49 U.S.C. § 31105*

■ Plaintiff's second cause of action alleges that Defendants unlawfully suspended and subsequently discharged Plaintiff in retaliation for his complaints of safety violations. (Am. Compl. ¶ 46.) Plaintiff bases this claim on Defendants' alleged violation of the Surface Transportation Assistance Act (the "STAA"), 49 U.S.C. § 31105.

The STAA mandates that an employee may not be discharged, disciplined or discriminated against because, among other things, the employee "has filed a complaint ... related to a violation of a commercial motor vehicle safety or security regulation." 49 U.S.C. § 31105(a)(1)(A). An employee alleging such discharge, discipline or discrimination "may file a complaint with the Secretary of Labor not later than 180 days after the alleged violation occurred." 49 U.S.C. § 31105(b)(1). The Secretary of Labor must investigate any such complaint and issue a preliminary order. *See* 49 U.S.C. § 31105(b)(2)(A). The parties then have the opportunity to file objections to the Secretary's preliminary order and to request a hearing on the record. *See* 49 U.S.C. § 31105(b)(2)(B). After a hearing—or, where no objections are filed—the Secretary of Labor shall issue a final order. ·*See* 49 U.S.C. § 31105(b)(2)(C). If the Secretary of Labor fails to issue a final decision within 210 days of the filing of the complaint, the employee may bring a lawsuit in the ap-

propriate district court. *See* 49 U.S.C. § 31105(c). In addition, "[a] person adversely affected" by the Secretary's final decision may file a petition for review within sixty days in the court of appeals "for the circuit in which the violation occurred or the person resided on the date of the violation." 49 U.S.C. § 31105(d).

Based on the detailed administrative scheme set forth in the STAA, Defendants assert that Plaintiff's claim pursuant to the statute should be dismissed because the STAA does not contain a private right of action. While neither the Second Circuit nor any of the district courts in New York appear to have taken up this issue as of yet, other federal courts across the nation have held that the STAA does not allow for a private right of enforcement. *See, e.g., Bailiff v. Davenport Transp., Inc.,* No. 3:13–CV–308, 2013 WL 6229150, at \*3, 2013 U.S. Dist. LEXIS 169691, at \*9 (W.D.N.C. Dec. 2, 2013) ("[T]here is no separate private right of action outside the scheme set forth in the STAA."); *Hernandez v. Mohawk Indus., Inc.,* No. 6:08–cv–927, 2009 WL 3790369, at \*5, 2009 U.S. Dist. LEXIS 120225, at \*18 (M.D.Fla. Nov. 10, 2009) ("On it face, then, [the STAA], though barring discharge of employees on the basis of complaints of violations of commercial motor vehicle safety regulations, does not authorize a direct civil action in a district court by a discharged employee against his employer."); *Kornischuk v. Con–Way Cent. Express,* No. 1–03–CV–10013, 2003 WL 21977202, at \*3, 2003 U.S. Dist. LEXIS 14459, at \*8 (S.D.Iowa June 4, 2003) ("[T]he STAA does not provide for a private right of action.").

The Court agrees with Defendants and the other federal district courts that have found no private right of action in the STAA. The statute expressly sets forth a comprehensive administrative scheme for the resolution of claims of retaliation by

employees who have complained of safety violations. As detailed in the statute, the only judicial review of such complaints comes after a failure by the Secretary of Labor to issue a final order within the allotted time frame or where the losing party seeks to challenge the Secretary's final order. *See* 49 U.S.C. § 31105(c)-(d); *cf. Brock v. Roadway Express, Inc.*, 481 U.S. 252, 255, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987) (noting that the STAA provides for initial investigation by the Secretary of Labor, potentially followed by a hearing and a final decision by the Secretary). Neither prerequisite is present here.

Plaintiff's opposition to Defendants' arguments in support of dismissal fails to even address the issue of a private right of action. Rather, Plaintiff merely states that the statute provides for alternative remedies and does not require a plaintiff to seek administrative remedies prior to initiating a lawsuit. (Pl. Mem. of Law in Opp'n 5.) This is simply incorrect. The STAA sets forth an administrative enforcement scheme that was certainly available to Plaintiff, but which he apparently chose not to pursue. Nowhere in Plaintiff's Amended Complaint does he assert having followed the procedures outlined in the STAA. As a result, Plaintiff's claim in this court for a violation of the STAA is improper and not actionable.

Based on the foregoing, Plaintiff's second cause of action for violation of the STAA, 49 U.S.C. § 31105, is dismissed.

## IV. *Wrongful Discharge*

■ Plaintiff's final cause of action is titled as a claim for "relief under equity." While the Court is unsure as to what Plaintiff means by the title, the cause of action appears to assert a common law claim for wrongful discharge. (Am. Compl. ¶ 52–60.) However, as Defendants point out in their motion papers, New York does not recognize a claim for wrongful discharge. *See Lobosco v. N.Y. Tel. Co./NYNEX*, 96 N.Y.2d 312, 316, 727 N.Y.S.2d 383, 751 N.E.2d 462 (2001) ("New York does not recognize the tort of wrongful discharge.").

Moreover, Section 301 of the Labor Management and Relations Act (the "LMRA"), 29 U.S.C. § 185, "preempts state law claims in any case involving the interpretation of rights and responsibilities under a collective bargaining agreement, regardless of whether the plaintiff's claims sound in tort or contract." *Tand v. Solomon Schechter Day School of Nassau County*, 324 F.Supp.2d 379, 383 (E.D.N.Y. 2004) (citing cases). This includes claims for wrongful discharge. *See id.* at 382 ("Suits arising under section 301 include those seeking to vindicate uniquely personal rights of employees such as wages, hours, overtime pay, and wrongful discharge."). "A plaintiff cannot escape § 301 preemption simply by formulating a claim as one arising under state tort law." *Heaming v. NYNEX–New York*, 945 F.Supp. 640, 645 (S.D.N.Y.1996).

Here, the determination of any wrongful discharge claim would require an interpretation of the governing collective bargaining agreement. Accordingly, even if New York law recognized such a claim, it would be preempted by Section 301 of the LMRA.

For the foregoing reasons, Plaintiff's third cause of action titled "relief under equity," which appears to assert a wrongful discharge claim is dismissed.[1]

---

1. The Court also notes that Plaintiff failed to oppose Defendants' motion with respect to the third cause of action, providing another ground for dismissal. *See Hanig v. Yorktown Cent. Sch. Dist.*, 384 F.Supp.2d 710, 723 (S.D.N.Y.2005) (collecting cases) ("Consequently, because plaintiff did not address defendant's motion to dismiss with regard to

**V.** *Breach of the Union's Duty of Fair Representation*

In his opposition to the Union's motion to dismiss, Plaintiff raises for the first time a claim that the Union breached its duty of fair representation with respect to the grievances he requested be filed. This claim appears nowhere in Plaintiff's Amended Complaint.

It is well-settled that a plaintiff "cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to [a] motion to dismiss." *K.D. v. White Plains Sch. Dist.*, 921 F.Supp.2d 197, 209 n. 8 (S.D.N.Y.2013) (citing cases); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (rejecting new claim raised for the first time in plaintiff's opposition to motion to dismiss). Such claims are not properly before the Court and the Court need not consider them. *See Spinelli v. NFL*, No. 13 Civ. 7398, 2015 WL 1433370, at *12 n. 8, 2015 U.S. Dist. LEXIS 40716, at *35 n. 8 (S.D.N.Y. Mar. 27, 2015) (citation omitted).

Even assuming *arguendo* that the Court were to consider Plaintiff's new claim that the Union breached its duty of fair representation—or were to permit Plaintiff the opportunity to amend his Complaint to include the claim—such a cause of action would be time-barred. It is well-established that a claim for breach of a union's duty of fair representation has a six-month limitations period. *See Velasquez v. Metro Fuel Oil Corp.*, 12 F.Supp.3d 387, 399 (E.D.N.Y.2014) (citing *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 169, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983)) (additional citations omitted); *Musto v. Transp. Workers Union of Am.*, 339 F.Supp.2d 456, 460 (E.D.N.Y.2004) ("The statute of limitations for a duty of fair representation claim is six months."). "The six-month clock begins to run from the time when the union member knew or reasonably should have known that a breach of the duty of fair representation had occurred." *McLeod v. Verizon N.Y., Inc.*, 995 F.Supp.2d 134, 142 (E.D.N.Y. 2014) (citation and internal quotation marks omitted).

Here, Plaintiff was notified of his termination and requested that the Union initiate a grievance on his behalf on July 10, 2012. (Am. Compl. ¶¶ 29–30.) On July 12, 2012, a second level hearing was held, without any notice provided to Plaintiff. (Am. Compl. ¶ 22.) On August 1, 2012, Plaintiff was informed by the Union that a second level hearing had been conducted and that he was not reinstated. (Am. Compl. ¶ 34.) Plaintiff thereafter requested that another hearing be held in which he could participate. (Am. Compl. ¶ 35.) Although no date is specified in the Amended Complaint, it is logical to assume that this request was made by Plaintiff within weeks, if not days, of being informed he was not being reinstated. No action was taken with respect to Plaintiff's request.

All of the events complained of in the Amended Complaint took place almost two years before Plaintiff initiated the instant action. Accordingly, any claim that the Union breached its duty of fair representation to Plaintiff is clearly time-barred.

**VI.** *Leave to Replead*

While generally, leave to amend should be freely given, *see* Fed.R.Civ.P. 15(a), the Court may deny leave to replead where amendment would be futile. *See Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir.2006). Here, the Court finds that no changes to the Amended Complaint would permit this action to go forward against Defendants. The law is

this claim, it is deemed abandoned and is hereby dismissed.").

clear that Plaintiff's claims are either fatally defective or time-barred. Accordingly, Plaintiff's Amended Complaint is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted and Plaintiff's Amended Complaint is dismissed with prejudice.

**SO ORDERED.**