OPINION OF THE COURT
 

 Ciparick, J.
 

 The issue presented on this appeal is whether plaintiffs complaint states a cause of action for breach of an employment contract in light of defendant’s express disclaimer of contractual rights and obligations contained in its employee manual. For the reasons stated below, we conclude that it does not.
 

 Plaintiff, Anthony Lobosco, was hired by New York Telephone/NYNEX in 1968 and attained the position of Product Manager in 1987. In 1996 plaintiff became a party-witness for his employer in a litigation between NYNEX and a number of its contractors. In preparation for his testimony, plaintiff met with NYNEX counsel, who instructed him to “limit his testimony to certain particulars only, and to not reveal certain other particulars.” He also claims counsel pressured him “to testify in a certain way as to certain matters, which [he] did not believe to be true and/or accurate.” Finally, plaintiff claims that he informed NYNEX counsel that a fellow employee had concealed documents relevant to the litigation.
 

 In August 1996, plaintiff was fired, ostensibly for having unreported communications with the adversaries’ principals. Claiming that the real reason NYNEX fired him was in retaliation for refusing to testify untruthfully, and for “blowing the whistle” on a fellow employee’s unethical conduct, plaintiff sued NYNEX on several theories. This appeal concerns only the cause of action for breach of contract based on language contained in an employee manual.
 

 In 1995, 27 years into plaintiff’s employment, NYNEX distributed a manual entitled the “Code of Business Conduct” to all of its employees. In its approximately 50 pages, the Code discusses a variety of legal and ethical considerations relevant to NYNEX employees. Content ranges from general encourage
 
 *315
 
 ment of moral behavior to specific examples of conduct that can result in termination. The dispute in this case focuses primarily on the section entitled “Putting the Code to Work” which states:
 

 “Reporting violations. If employees have knowledge or suspicion of any illegal, unethical or fraudulent acts anywhere within the NYNEX companies, they should discuss the matter immediately with their supervisor or notify any other manager, the Legal, Security or Internal Auditing departments, or the NYNEX Office of Ethics and Business Conduct.
 

 “NYNEX assures protection against any form of reprisal for reporting actual or suspected violations of our Code of Business Conduct.”
 

 On the facing page, there appears the following disclaimer:
 

 “This code of conduct is not a contract of employment and does not create any contractual rights of any kind between NYNEX and it employees. The code and its contents may be modified and changed, without notice, at any time by NYNEX.
 

 “United States employees * * * must understand that at NYNEX there is no fixed duration to the employment relationship. They can terminate their employment whenever they wish and for whatever reason they might have, just as NYNEX can terminate their employment at any time and for any reason, unless the employment is covered by a collective bargaining agreement. This is known as employment-at-will. This at-will employment relationship may not be modified except in a written agreement signed by the employee and an authorized representative of the company.”
 

 On defendant’s motion, Supreme Court dismissed all of plaintiffs claims except his claim for breach of contract. The court held that the general provisions denying the creation of contract rights were superseded by the specific provisions guaranteeing no reprisals for disclosure of wrongdoing. The Appellate Division, with two Justices dissenting, reversed and dismissed the complaint in its entirety, holding that plaintiff did not sufficiently plead reliance or rebut defendant’s motion to dismiss with an affidavit asserting reliance. We now affirm but for different reasons.
 

 
 *316
 
 Where the term of employment is for an indefinite period of time, it is presumed to be a hiring at will that may be freely terminated by either party at any time for any reason or even for no reason
 
 (Martin v New York Life Ins. Co.,
 
 148 NY 117, 121). New York does not recognize the tort of wrongful discharge (Mu
 
 rphy v American Home Prods. Corp.,
 
 58 NY2d 293, 297). Furthermore, there is no exception for firings that violate public policy such as, for example, discharge for exposing an employer’s illegal activities
 
 (id.
 
 at 301).
 
 [1]
 

 New York does, however, recognize an action for breach of contract when plaintiff can show that the employer made its employee aware of an express written policy limiting the right of discharge and the employee detrimentally relied on that policy in accepting employment
 
 (Weiner v McGraw-Hill, Inc.,
 
 57 NY2d 458). In
 
 Weiner,
 
 plaintiff stated a cause of action for breach of contract when he alleged that: he left his previous employment in reliance on assurances that he would not be fired from McGraw-Hill without just cause; the just cause policy was contained in a company handbook; he incorporated that assurance onto his employment application by referring to the handbook in writing; aware of the policy, he rejected other offers of employment; and he himself had been instructed on prior occasions that any termination of employees had to be in strict compliance with the company handbook. Thus, the allegations created a question of fact as to whether an express employment agreement was formed binding defendant by its promise.
 

 Central to the
 
 Weiner
 
 analysis was the written proviso, in the employee manual, that employees would not be terminated without just and sufficient cause. The manual at issue here contains a more nebulous “no reprisal” clause. In any event, the complaint should be dismissed because the explicit disclaimer of a contractual relationship contained on the facing page clearly preserves NYNEX’s right to maintain an at-will employment relationship with plaintiff.
 
 [2]
 

 NYNEX has made clear through its employee manual — upon which plaintiff claims reliance — that it may terminate employ
 
 *317
 
 ment at will. Thus, plaintiff cannot reasonably impose an express or implied contractual obligation on NYNEX that would limit its right to terminate plaintiffs employment. The Code itself contains a procedure wherein this at-will employment relationship can be modified and that is by written agreement signed by both parties. No such agreement was ever executed.
 

 Routinely issued employee manuals, handbooks and policy statements should not lightly be converted into binding employment agreements. That would be an unwise expansion of
 
 Weiner.
 
 It would subject employers who have developed written policies to liability for breach of employment contracts upon the mere allegation of reliance on a particular provision. Clearly that cannot be, especially in light of conspicuous disclaiming language. An employee seeking to rely on a provision arguably creating a promise must also be held to reliance on the disclaimer. Here we conclude that such disclaimer prevents the creation of a contract and negates any protection from termination plaintiff may have inferred from the manual’s no-reprisal provision. To the extent that
 
 Waldman v NYNEX Corp.
 
 (265 AD2d 164) suggests otherwise, it should not be followed.
 

 Plaintiffs remaining arguments are without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Wesley, Rosenblatt and Graffeo concur; Judge Levine taking no part.
 

 Order affirmed, with costs.
 

 [1]
 

 . Labor Law § 740, the “Whistleblower Law,” is not applicable to the facts of this case.
 

 [2]
 

 . While this Court has not previously addressed the effect of a disclaimer on a breach of contract claim arising from an employee manual, other jurisdictions have.
 
 See, e.g., Woolley v Hoffman-LaRoche, Inc.,
 
 99 NJ 284, 491 A2d 1257;
 
 Jackson v Action for Boston Community Dev.,
 
 403 Mass 8, 525 NE2d 411;
 
 Rowe v Montgomery Ward & Co.,
 
 437 Mich 627, 473 NW2d 268;
 
 Nicosia v Wakefern Food Corp.,
 
 136 NJ 401, 643 A2d 554;
 
 Radwan v Beecham
 
 
 *317
 

 Labs.,
 
 850 F2d 147 (3d Cir applying NJ law);
 
 Volrath v Georgia-Pacific Corp.,
 
 899 F2d 533 (6th Cir applying Mich law);
 
 see also,
 
 Annotation,
 
 Effectiveness of Employer’s Disclaimer of Representations in Personnel Manual or Employee Handbook Altering At-will Employment Relationship,
 
 17 ALR5th 1.