**Matthew B. DELLEFAVE,**
Plaintiff–Appellant,

**DiRienzo & DiRienzo, P.A., Appellant,**

v.

**ACCESS TEMPORARIES, INC., Steven Weinstein, a/k/a Steven Weber, Michael Weinstein, Ronald Axelrod and Karen P. Druziako, Defendants–Appellees,**

**Mark Paul, Lawrence Paul, John Does 1–100, being as yet unidentified employees, representatives or agents of Access Temporaries, Access personnel and/or other companies owned in whole or in part by Steven Weinstein and/or Michael Weinstein, Jane Roes 1–100, being as yet unidentified persons, organizations of persons or business entities that hold any ownership interest in Access Temporaries, Inc., Peter Poes 1–100, being as yet unidentified persons, organizations of persons or business entities that are officers and/or directors of or are in any way involved in the managing of any of the activities of Access Temporaries, Inc. and Michael Moes 1–100, being as yet unidentified persons, or-**

ganizations of persons or business entities that have received assets from Access Temporaries, Inc. within the last six months, Defendants.

Docket No. 01–7438.

United States Court of Appeals, Second Circuit.

June 17, 2002.

Jeffrey W. Herrmann, Vedder Price Kaufman & Kammholz, New York, NY, for Appellant DelleFave.

Joseph DiRienzo, DiRienzo & DiRienzo, P.A., Westfield, NJ, for Appellant DiRienzo & DiRienzo, P.A.

Kenneth J. Applebaum, Berger Stern & Webb, LLP; Steven A. Berger, on the brief, New York, NY, for Appellee Druziako.

Penny Ann Lieberman, Jackson Lewis Schnitzler & Krupman; Joanne Seltzer, on the brief, White Plains, NY, for Appellees Access Temporaries, Inc., Steven Weinstein, Michael Weinstein, and Ronald Axelrod.

Present ELLSWORTH Van GRAAFEILAND, THOMAS J. MESKILL and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff–Appellant Matthew B. Delle-Fave and Appellant DiRienzo & DiRienzo, P.A. appeal from a March 20, 2001 judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*) dismissing DelleFave's complaint pursuant to Fed. R.Civ.P. 12(c) and imposing sanctions on DelleFave and DiRienzo & DiRienzo pursuant to Fed.R.Civ.P. 11.

DelleFave worked for defendant Access Temporaries, Inc. ("Access") for about a year, from the spring of 1997 until the spring of 1998. The individual defendants are all either employees or owners of Access. DelleFave alleges that Druziako, his supervisor at Access, made false statements that DelleFave was involved in a romantic or sexual relationship with a fellow employee. He also alleges that Druziako's false statements were re-published by other Access employees, including the other individual defendants. Upon learning of the false statements, DelleFave complained to Axelrod, Druziako's supervisor. DelleFave alleges that, as a result of his complaining about the false statements, his employment at Access was terminated.

DelleFave initiated this action by filing a complaint in New Jersey Superior Court on December 31, 1998. The complaint alleged claims of hostile work environment sexual harassment under 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), violation of DelleFave's civil rights under 42 U.S.C. § 1983, and various state law claims. On February 24, 1999, defendants removed the case to the United States District Court for the District of New Jersey, asserting federal question jurisdiction on the basis of DelleFave's Title VII and § 1983 claims. On May 4, 1999, defendants moved to dismiss the complaint or, in the alternative, to transfer the case to the

Southern District of New York, and Delle-Fave cross-moved to remand the case to New Jersey Superior Court. The District Court granted defendants' motion to transfer the case to the Southern District of New York and did not consider the other motions.

On September 15, 2000, defendant Druziako moved for judgment on the pleadings pursuant to Rule 12(c), and on October 10, 2000 she moved for sanctions pursuant to Rule 11. DelleFave cross-moved for leave to file an amended complaint. On January 10, 2001, Judge Sweet granted Druziako's motion for judgment on the pleadings and *sua sponte* granted judgment on the pleadings in favor of all defendants, granted Druziako's motion for Rule 11 sanctions as against both DelleFave and DiRienzo & DiRienzo, and denied DelleFave's motion for leave to file an amended complaint. *Dellefave v. Access Temporaries, Inc.*, No. 99 CIV. 6098 RWS, 2001 WL 25745 (S.D.N.Y. Jan.10, 2001).

■ DelleFave raises five issues on appeal. First, he argues that the District Court lacked subject matter jurisdiction because his federal claims were so clearly inadequate that the District Court should have dismissed them *sua sponte* and because he withdrew the federal claims early in the litigation. While DelleFave is correct that both of his federal claims were defective, those defects were not jurisdictional. *See Francis v. City of N.Y.*, 235 F.3d 763, 768 (2d Cir.2000) (failure to exhaust administrative remedies is not a jurisdictional defect in a Title VII claim); *Rene v. Citibank NA*, 32 F.Supp.2d 539, 543 (E.D.N.Y.1999) (failure to allege state action is not a jurisdictional defect in a § 1983 claim). While DelleFave argues on appeal that he withdrew the federal claims early in the litigation, there is no evidence in the record of his having done so. DelleFave's attorney acknowledged at oral argument that he did not withdraw the § 1983 claim even informally until October 2000, nearly two years after the litigation began. At that late date, DelleFave's withdrawal of his federal claim could not have erased the District Court's subject matter jurisdiction. *See Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 703 (2d Cir.1985).

■ Second, DelleFave argues that the District Court abused its discretion in exercising supplemental jurisdiction over his state law claims. This argument relies on DelleFave's unsupported contention that the federal claims were withdrawn early in the litigation. Even if DelleFave had withdrawn the federal claims, however, the District Court would not have abused its discretion in retaining jurisdiction over the state law claims. It is clear that DelleFave's state law claims "form[ed] part of the same case or controversy" as his federal claims, as all of the claims arose out of the same facts. 28 U.S.C. § 1367(a). The claims did not involve any novel or unsettled questions of state law, *Mauro v. So. New England Telecomms., Inc.*, 208 F.3d 384, 388 (2d Cir.2000) (per curiam), and judicial economy favored the exercise of supplemental jurisdiction, as Judge Sweet had presided over the case for more than a year and resolved several motions before there is any indication that DelleFave withdrew his federal claims. *See Enercomp, Inc. v. McCorhill Publ'g, Inc.*, 873 F.2d 536, 546 (2d Cir.1989). The District Court did not abuse its discretion in exercising supplemental jurisdiction over DelleFave's state law claims.

■ Third, DelleFave argues that the District Court abused its discretion in denying his motion for leave to file an amended complaint. DelleFave moved for leave to amend his complaint on October 20, 2000, nearly two years after he had commenced the litigation and several days

after oral argument on Druziako's motion for judgment on the pleadings. "The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir.1990). DelleFave's only explanation for the delay is that he filed his motion shortly after Druzkiako had moved for judgment on the pleadings, and it was not until then that he had reason to believe that an amendment was necessary. As the District Court found, this explanation only confirms that DelleFave's motive was dilatory. *Dellefave*, 2001 WL 25745, at *9; *Berns v. EMI Music Publ'g, Inc.*, No. 95 Civ. 8130(KTD), 1999 WL 1029711, at *5 (S.D.N.Y. Nov.12, 1999). Because DelleFave has not provided a satisfactory rationale for his lengthy delay, the District Court did not abuse its discretion in denying the motion for leave to file an amended complaint.

■ Fourth, DelleFave argues that the District Court erred in dismissing his state law claims on the pleadings pursuant to Fed.R.Civ.P. 12(c). Although the complaint is not clear, it appears that DelleFave's state law claims consist of defamation, breach of contract, wrongful termination, and hostile work environment sexual harassment. Because DelleFave failed to allege either special damages or slander *per se*, the District Court properly dismissed the defamation claim. *See, e.g., Aronson v. Wiersma*, 65 N.Y.2d 592, 493 N.Y.S.2d 1006, 483 N.E.2d 1138, 1140 (1985). Next, the District Court properly dismissed the breach of contract and wrongful termination claims because the employee handbook on which these claims are based includes disclaimers that "prevent[ ] the creation of a contract and negate[ ] any protection from termination plaintiff may have inferred from the manual's no-reprisal provision." *Lobusco v. N.Y. Tel. Co./NYNEX*, 96 N.Y.2d 312, 727

N.Y.S.2d 383, 751 N.E.2d 462, 465 (2001). Lastly, the District Court properly dismissed the hostile work environment sexual harassment claim because DelleFave did not allege discrimination on the basis of his sex. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998).

■ Fifth, and finally, DelleFave and DiRienzo & DiRienzo argue that the District Court abused its discretion in imposing Rule 11 sanctions in favor of Druziako. While the District Court did not specify which subsection of Rule 11(b) it was applying, it seems clear that the court was relying on Rule 11(b)(2). DelleFave argues that represented parties cannot be sanctioned under Rule 11(b)(2), and DiRienzo & DiRienzo argues that the grounds for Rule 11(b)(2) sanctions were not present. DelleFave is correct, as Rule 11(c)(2)(A) states that monetary sanctions may not be awarded against a represented party for a violation of Rule 11(b)(2). Although DelleFave did not raise this argument before the District Court, we may consider it in order to "remedy an obvious injustice." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir.1994). Accordingly, the sanction is vacated as against DelleFave. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (stating that a court abuses its discretion in imposing sanctions based on an erroneous view of the law).

■ DiRienzo & DiRienzo challenge the District Court's conclusion that the claims against Druziako were frivolous. It is clear that the District Court did not abuse its discretion in sanctioning DiRienzo & DiRienzo. DiRienzo & DiRienzo concedes that the Title VII and § 1983 claims were frivolous and were never formally withdrawn; the breach of contract claim clearly was frivolous as against Druziako, who was not a party to the employee handbook

on which that claim was based; and the discrimination claims were frivolous because DelleFave did not allege that he was discriminated against because of his sex or that Druziako participated in any discrimination. While the defamation claim was not frivolous, the District Court did not impose sanctions on the basis of that claim. *Dellefave*, 2001 WL 25745, at *10. The District Court did not abuse its discretion in imposing a $43,922.88 sanction against DiRienzo & DiRienzo; accordingly, we affirm the sanction as against DiRienzo & DiRienzo.

We have considered the appellants' remaining contentions and find them to be without merit. Accordingly, the decision is vacated with respect to the sanction against DelleFave personally and otherwise affirmed.