**Raul LOLI, Plantiff–Appellant,**

v.

**STANDARD CHARTERED BANK, Defendant–Appellee.**

No. 04–5877–cv.

United States Court of Appeals, Second Circuit.

Nov. 30, 2005.

Brian W. Raum, New York, NY, for Plaintiffs–Appellees.

Miriam Wugmeister (J. Alexander Lawrence, Marcus A. Torrano, on the brief), Morrison & Foerster, LLP, New York, NY, for Defendant–Appellee.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Raul Loli ("Loli") appeals from a decision by the District Court (Laura Taylor Swain, *Judge* ) granting summary judgment to Defendant–Appellee Standard Chartered Bank ("SCB"). We assume familiarity with the relevant facts, procedural history, and legal issues.

Loli, who was a manager at SCB, alleges that he was mistreated and eventually fired from his position in New York for reporting to SCB while in Peru certain loans authorized by his supervisor that Loli believed to be improper. During the relevant time period, SCB had in effect a "speak-up policy," which instructed "staff who have genuine suspicions about wrong-doings to speak up" and assured staff that "[a]ny report which you make will be listened to, investigated and treated in confidence. Victimisation of anyone who comes forward will not be tolerated. . . . You will *not* be blamed for speaking up . . ." (emphasis in original). Loli claims that this policy, in combination with oral assurances he received from SCB executives as to his long-term prospects at SCB, creates an issue of fact as to whether SCB made an implied promise to Loli that, if he internally reported company wrongdoing, he would not be penalized for doing so.

The District Court dismissed the case on summary judgment, finding that nothing in SCB's speak-up policy could have given rise to an implied contract and, in the alternative, that Loli failed to raise an issue of fact as to whether he relied on SCB's alleged promise. We disagree. Although "[r]outinely issued employee manuals, handbooks, and policy statements should not lightly be converted into binding employment agreements," *Lobosco v. New York Telephone Co./NYNEX,* 96 N.Y.2d 312, 317, 751 N.E.2d 462, 465, 727 N.Y.S.2d 383, 386 (2001), SCB's speak-up policy is sufficiently committal under New York law to raise an issue of fact. *Mulder v. Donaldson, Lufkin & Jenrette,* 208 A.D.2d 301, 307, 623 N.Y.S.2d 560, 564 (1st Dept.1995) (finding a contract arguably created by manual's statement that "[a]nyone [reporting wrongdoing] will be protected against reprisals"); *cf. Baron v. Port Authority,* 271 F.3d 81, 87 n. 4 (2d Cir. 2001) (acknowledging our duty to bring the case law of this Circuit into harmony with New York state law on implied employment contracts).

We further find that, contrary to the District Court's conclusion, Loli has al-

leged sufficient reliance under New York law to survive summary judgment. Although it is not clear from the record whether Loli turned down any job opportunities from other employers to remain at SCB, Loli has met his burden by alleging that he relied on the speak-up policy in deciding to report perceived misconduct and in relocating from Peru to New York, away from his family. *See Mulder,* 208 A.D.2d at 307–08, 623 N.Y.S.2d at 564 (holding that plaintiff had established reliance by showing that he engaged in aggressive whistle-blowing on the assumption that he would not be penalized for such).

For the reasons set forth above, the judgment of the District Court is hereby **VACATED** and **REMANDED**.