Mirelle VANGAS and Alfredo
Vangas, Jr., Plaintiffs,

v.

MONTEFIORE MEDICAL CENTER,
Elizabeth Burns, Patricia Quinn, and
WageWorks, Inc., Defendants.

No. 11 Civ. 6722(ER)(GAY).

United States District Court,
S.D. New York.

Feb. 22, 2013.

---

Orit Goldring, The Goldring Firm, New York, NY, for Plaintiffs.

Andrez Shumree Carberry, Donia Sawwan, Fox Rothschild, LLP, Richard Malcom Reice, Hoguet Newman Regal & Kenney, LLP, Robert Paul Lewis, Baker & McKenzie LLP, New York, NY, Jennifer Lynn Dacosta, Fox Rothschild LLP, Roseland, NJ, for Defendants.

## MEMORANDUM AND ORDER

RAMOS, District Judge.

Defendants[1] Montefiore Medical Center ("MMC"), Elizabeth Burns, and Patricia Quinn (collectively, "Montefiore") move to dismiss Plaintiffs' Family and Medical Leave Act ("FMLA"), equitable estoppel, and breach of contract claims. Because Plaintiffs have not plausibly shown interference with statutory rights, reliance, and

consideration, respectively, those three claims are DISMISSED.

### BACKGROUND

Plaintiff Mirelle Vangas was hired by MMC in 1989. Compl. ¶ 13. On March 25, 2010, Mrs. Vangas was diagnosed with cancer. Compl. ¶ 15. That day, Mrs. Vangas told her supervisors, Byrne and Quinn, about her illness and "started her leave of absence right away." Compl. ¶¶ 21–23. Mrs. Vangas received forms "regarding disability and FMLA" in April 2010 and returned them to MMC on May 6, 2010. Compl. ¶¶ 24–25.

Sometime "[i]n August 2010," after she had been "on leave for over four months," Mrs. Vangas requested to work from home and the request was denied. Compl. ¶ 29; Decl. Vangas ¶ 5. On August 3, 2010, an MMC human resources employee told Mrs. Vangas she would send "a second set of FMLA papers" to Mrs. Vangas. Compl. ¶ 31. The papers said that "eligible associates were entitled to receive up to 12 weeks of unpaid job-protected leave for certain family and medical reasons." Compl. ¶ 32; see also Decl. Vangas Ex. A, at 1. On August 20, Mrs. Vangas called Quinn and Quinn told Mrs. Vangas that another employee had "extended [Mrs. Vangas'] FMLA leave." Compl. ¶ 34. After getting her physician to fill out the forms, Mrs. Vangas returned her "second set" of FMLA forms on August 27. Compl. ¶ 35.

Following medical complications, Mrs. Vangas informed Quinn "she was not sure if she would be returning to work on Monday[,] August 30." Compl. ¶ 37. Quinn replied, "OK." Compl. ¶ 37. Mrs. Vangas tried to reach Quinn on Sunday, August 29, but could not. Compl. ¶ 39. On Au-

---

1. Defendant WageWorks, Inc., also moved to dismiss the only claims against it in the Complaint, Counts Ten and Eleven. Doc. 17. On February 21, Plaintiffs voluntarily dismissed those claims with prejudice. Doc. 46. Accordingly, that motion will be terminated as moot.

gust 30, Mrs. Vangas was told that "something was going on" by a coworker. Compl. ¶ 41. On August 31, Mrs. Vangas was told by Burns that her FMLA leave was limited to twelve weeks, which had previously expired, and was asked if she "was medically cleared to return to work." Compl. ¶¶ 44–45. Mrs. Vangas said she was not cleared but said, "I will do what I have to do to save my job." Compl. ¶ 45.

On September 26, 2011, Mrs. and Mr. Vangas filed the instant suit. On March 23, 2012, Montefiore moved to dismiss Counts 1 (interference with FMLA rights), 2 (equitable estoppel), and 3 (breach of contract) in Plaintiff's Complaint.

## STANDARD OF REVIEW

On a motion to dismiss pursuant to Rule 12(b)(6), the Courts is required to accept as true all factual allegations in the complaint and to draw all reasonable inferences in the plaintiff's favor. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir.2010). To survive a Rule 12(b)(6) motion, a plaintiff must generally plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

## DISCUSSION

### I. Plaintiffs' Claim that Montefiore Interfered with Mrs. Vangas' FMLA Rights (Count One) Must Be Dismissed Because Plaintiffs Pled No Facts that Plausibly Show Prejudice

█ In Count One, Plaintiffs assert interference Mrs. Vangas' rights under the FMLA. Their interference claim fails because they failed to allege facts that plausibly show prejudice.

█ Under the FMLA, eligible employees are entitled to twelve weeks of leave when they have a serious health condition. *See* 29 U.S.C. §§ 2611(2); 2612(a)(1)(D). Upon completion of the leave, with few exceptions, each eligible employee must be restored to his or her old position or an equivalent position. *See* 29 U.S.C. § 2614(a). "The FMLA also provides eligible employees a private right of action to seek both equitable relief and money damages against any employer ... should that employer interfere with, restrain, or deny the exercise of FMLA rights." *Rodriguez v. Atria Senior Living Grp., Inc.*, 887 F.Supp.2d 503, 513 (S.D.N.Y.2012) (quoting *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 174 (2d Cir.2006)) (internal quotation marks omitted).

█ To succeed on an FMLA interference claim, "an employee must prove, as a threshold matter, that the employer violated [29 U.S.C.] § 2615 by interfering with, restraining, or denying his or her exercise of FMLA rights. Even then, § 2617 provides no relief unless the employee has been prejudiced by the violation." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89, 122 S.Ct. 1155, 152 L.Ed.2d 167 (2002); *see also Smith v. Westchester Cnty.*, 769 F.Supp.2d 448, 465 (S.D.N.Y.2011) (stating a five-part test for an FMLA interference claim in which the

fifth part is whether an employee "was denied benefits to which he [or she] was entitled under the FMLA"). Generally, then, when an employee has received his or her twelve weeks of leave in a given year and is fired for being unable to return to work, no interference claim may be maintained. *See, e.g., Roberts v. Health Ass'n,* 308 Fed.Appx. 568, 570 (2d Cir. 2009) (summary order) ("[I]t is undisputed that HA paid Roberts for twelve weeks' worth of benefits, which is all she would have been entitled to had HA respected her right to FMLA leave. Although Roberts can likely show that HA interfered with her FMLA rights, because there is no evidence that the violation was prejudicial, the District Court did not err in dismissing her claim."); *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.,* 183 F.3d 155, 161–62 (2d Cir.1999) (holding that an employee's right to reinstatement was not impeded, including because of lack of proper notice, where he was unable to return to work after twelve weeks of leave); *Geromanos v. Columbia Univ.,* 322 F.Supp.2d 420, 428 (S.D.N.Y.2004) ("Because plaintiff received the full twelve weeks of leave as allowed by the act, the only other right with which Columbia could be found to have interfered is the right to reinstatement at the end of her leave.").

Plaintiffs rely on *Fry v. First Fidelity Bancorporation,* No. Civ. A. 95–6019, 1996 WL 36910 (E.D.Pa. Jan. 30, 1996), for the proposition that Montefiore interfered with Mrs. Vangas' FMLA rights by cutting short her purported "second," sequential, and extra-statutory FMLA leave in 2010. In *Fry,* the plaintiff alleged that she was confused by her employer's leave policy when the employer's manual said the employer would give sixteen weeks of unpaid leave and would try to hold employees' jobs. Relying on the manual, the *Fry* plaintiff took sixteen weeks of unpaid leave after exhausting her paid leave. *Fry,* 1996 WL 36910, at *2. The district court held

that if an employer fails to adequately notify its employees of the impact of its own family leave policies on the rights provided by the FMLA, particularly where there is an apparent conflict between the employer's policy and the employees' FMLA rights, such conduct can constitute interference with an employee's FMLA rights if it causes an employee to unwittingly forfeit the protection of the FMLA. Consequently, inadequate notice of an employer's FMLA policies can, in appropriate circumstances, support a claim for violation of the FMLA even where, as here, the employee's leave exceeds the twelve weeks mandated by the statute.

*Fry,* 1996 WL 36910, at *5. Plaintiffs argue that here, as in *Fry,* the employer should be required to provide FMLA leave beyond the twelve weeks per year required by the statute because of "[d]efendant's failure to notify Mrs. Vangas that her leave no longer qualified as FMLA leave." Pls.' Mem. 12.

Contrary to Plaintiffs' explanation, *Fry* does not stand for the principle that failure to notify must be remedied by an extension of FMLA leave. Instead, "*Fry* stands for the proposition that, under the proper circumstances, a distinct cause of action lies for an employer's failure to post a notice where that *failure leads to some injury.*" *Kosakow v. New Rochelle Radiology Assocs., P.C.,* 274 F.3d 706, 723 (2d Cir.2001) (emphasis added); *see also Ridgeway v. Royal Bank of Scot. Grp.,* No. 3:11–cv–976(VLB), 2012 WL 1033532, at *7 (D.Conn. Mar. 27, 2012) ("Where the employee is not provided with the necessary information regarding the employer's FMLA leave policies, the employee is denied the ability to conform a desired period of leave to the employer's policies so as to preserve the right to reinstatement, a benefit at the crux of the FMLA's provi-

sions."). While in both *Fry* and this case, the plaintiffs express confusion about what part of their leave was FMLA leave, in *Fry*, the plaintiff claimed that her employer's policies "misled her into requesting ... additional four weeks of leave" and losing her FMLA reinstatement protection, *Fry*, 1996 WL 36910, at *4, presumably because she could have returned to work earlier at the end of twelve weeks of FMLA leave. In this case, Mrs. Vangas never claims she could have conformed to her employer's policies in a way that would have preserved her twelve-week right to reinstatement under the FMLA. Mrs. Vangas never suggests she could have rearranged her leave or returned to work earlier.

Instead, Mrs. Vangas' own pleadings show she could not return to work. Mrs. Vangas' leave apparently started in March 2010 and lasted for at least twenty-four weeks. *See* Compl. ¶¶ 15, 23 (noting she was diagnosed with cancer on March 25, 2010 and that she "started her leave of absence right away"); Decl. Vangas ¶¶ 2, 5 (stating she "went out on leave" "immediately" on "March 25, 2010" and noting she had been "on leave for over four months" in August 2010). Although Mrs. Vangas offered to work from home, Compl. ¶ 29; Decl. Vangas ¶ 5, she was unable to return to work by August 31, 2010, *see* Compl. ¶¶ 42–45 (noting Mrs. Vangas said she was not medically cleared to work on August 31); *cf. also* Decl. Vangas Ex. A., at 3, 6 (noting, on August 23, that Mrs. Vangas "[w]ill ... be incapacitated for a single continuous period of time" and will "need to attend follow-up treatment appointments or work part-time or on a reduced schedule"). *But see* Decl. Vangas ¶ 28 ("Had Ms. Quinn told me ... I would lose my job, then I would have taken steps to obtain medical clearance."); *id.* ¶ 16 ("I told her I was not sure if I would be returning to work on August 30 ...."). Because Mrs. Vangas was unable to return

to work at the end of her FMLA leave, Montefiore did not interfere with her rights. *See, e.g., Roberts,* 308 Fed.Appx. at 569–70; *Rodriguez,* 887 F.Supp.2d at 512–13. Because Mrs. Vangas pleads no facts to indicate that she could have returned to work at the end of her FMLA leave either because she was well enough to return or because she could have scheduled her FMLA leave better if she had had more notice, any lack of notice did not interfere with Mrs. Vangas' FMLA rights. Without an injury there is no claim. Accordingly, Count One is DISMISSED with prejudice.

## II. Plaintiffs' Equitable Estoppel Claim Against Montefiore Must Be Dismissed Because Plaintiffs Cannot Show Reliance

■ In Count Two, Plaintiffs assert a claim of equitable estoppel. It is not fully clear whether Plaintiffs intend for this to be a standalone claim or if, as Plaintiffs state in their memorandum of law, they mean to use equitable estoppel to estop Defendants from asserting their dispositive defense that Mrs. Vangas used up all of her leave. *See Ritchie Risk–Linked Strategies Trading (Ire.), Ltd. v. Coventry First LLC,* 280 F.R.D. 147, 163 (S.D.N.Y. 2012) (" 'Equitable estoppel' can form the basis of a claim, or it can serve as a defense."); *Kosakow,* 274 F.3d at 722–27 (holding that defendant, "due to its failure to post notices required by the FMLA," could be equitably estopped from challenging plaintiff's eligibility for FMLA leave); Pls.' Mem. 13 ("DEFENDANTS SHOULD BE EQUITABLY ESTOPPED FROM PURSUING THEIR DEFENSE THAT MRS. VANGAS EXHAUSTED HER FMLA LEAVE[.]").

■ Regardless, any equitable estoppel argument would fail here because Mrs. Vangas cannot show reliance. Reliance is

a necessary element of equitable estoppel whether Plaintiffs want to use estoppel as an independent, state-law cause of action or to estop Montefiore's defense to Plaintiffs' federal claim. *See Pitcairn Props., Inc. v. LJL 33rd St. Assocs., LLC,* No. 11 Civ. 7318, 2012 WL 6082398, at *6 (S.D.N.Y. Nov. 20, 2012) ("[I]n order to state a claim for equitable estoppel under New York law, [plaintiff] must show[ ] '. . . [r]eliance upon the misrepresentations which causes the innocent party to change its position to its substantial detriment.' ") (quoting *Gen. Elec. Capital Corp. v. Eva Armadora, S.A.,* 37 F.3d 41, 45 (2d Cir. 1994)); *Kosakow,* 274 F.3d at 725 ("Under federal law, a party may be estopped from pursuing a claim or defense where: 1) the party to be estopped makes a misrepresentation of fact to the other party with reason to believe that the other party will rely upon it; *2) and the other party reasonably relies upon it; 3) to her detriment.*" (emphasis added)). "Reliance" means more than that Mrs. Vangas expected a second FMLA leave and subjectively wants it. It means that she "must have relied on [her] adversary's conduct 'in such a manner as to change [her] position for the worse.' " *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.,* 467 U.S. 51, 59, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984) (quoting 3 John Norton Pomeroy, A Treatise on Equity Jurisprudence § 805, at 192 (Spencer W. Symons ed., 5th ed.1941)).

Here, Mrs. Vangas has not pled any facts that plausibly show reliance: Mrs. Vangas did not plead that she could have taken any action that would have resulted in a better outcome, such as returning to work before her leave was exhausted or finding a new job if she had not been misled. Because Mrs. Vangas cannot show detrimental reliance, equitable estoppel will not lie. Accordingly, Count Two is DISMISSED with prejudice.

### III. Plaintiffs' Breach of Contract Claim Against Montefiore Must Be Dismissed Because Plaintiffs Did Not Plausibly Show Consideration

■ Finally, Plaintiffs claim that when Montefiore fired Mrs. Vangas after Quinn said, "OK," when Mrs. Vangas said she would not come to work by August 30, Montefiore breached a contract. Here, Plaintiffs rely heavily on *Weiner v. McGraw–Hill, Inc.,* 57 N.Y.2d 458, 457 N.Y.S.2d 193, 443 N.E.2d 441 (1982), to show they can sue on the underlying employment contract and that there was consideration for the modification. Both arguments fail because Plaintiffs have pled no facts to show that there could be reliance or consideration.

■ First, *Weiner* allows plaintiffs to establish a breach of contract cause of action on at-will employment contracts if they "can show that the employer made its employee aware of an express written policy limiting the right of discharge and the employee detrimentally relied on that policy in accepting employment." *Lobosco v. N.Y. Tel. Co./NYNEX,* 96 N.Y.2d 312, 727 N.Y.S.2d 383, 751 N.E.2d 462, 465 (2001) (citing *Weiner,* 457 N.Y.S.2d 193, 443 N.E.2d 441). Here, as discussed above, Plaintiffs failed to plead any facts that plausibly showed reliance. Therefore, the contract breached cannot be the underlying at-will employment contract.

Next, Plaintiffs might be able to show that Montefiore created a new contract or modified the existing contract but they would need to show facts that plausibly show consideration. *Weiner* emphasizes that the benefit given to the promisor or detriment suffered by the promisee may only be "the proverbial peppercorn." *Id.,* 457 N.Y.S.2d 193, 443 N.E.2d at 445. However, for virtually the same reasons no reliance can be found, Plaintiffs are unable

to point to the proverbial peppercorn in the picture they painted in the pleadings. For instance, in *Weiner*, "plaintiff was induced to leave [a former employer] with the assurance that McGraw–Hill would not discharge him without cause" and "plaintiff rejected other offers of employment in reliance on the assurance." *Id.* Here, Plaintiffs do not plead that Mrs. Vangas forwent any opportunity in reliance of the promise. Their only argument for "sufficient consideration" is that "Mrs. Vangas relied on Defendants' assurances that she was on FMLA leave, she filled out and had her doctor fill out the second set of FMLA forms and sent them in to MMC." Pls.' Mem. 21. It is well-known that such minimal preparatory work to receive a gratuitous benefit is not consideration. *See Plowman v. Indian Ref. Co.*, 20 F.Supp. 1, 5 (E.D.Ill.1937) (holding that making employees travel to employer's main office semimonthly was "simply a condition imposed upon them in obtaining gratuitous pensions and not a consideration"). To hold otherwise would mean that every promise to give is a contract when the counterparty promises to take.

This proposition is especially true in this case because the FMLA allows the employer to make such certification a precondition of leave. *See* 29 U.S.C. § 2613. Holding that all requests for certification create a binding obligation on the employer would obviate the self-evident purpose of this provision, which is to allow an employer to prevent an employee from taking leave without having a qualifying reason. *See, e.g.*, S.Rep. No. 103–3, at 25–26 (1993), *reprinted in* 1993 U.S.C.C.A.N. 3, 27–28 ("The provision is designed as a check against employee abuse of leave ...."); H.R.Rep. No. 103–8, at 39 (1993) (same); *cf. also* The Family and Medical Leave Act of 1993, 73 Fed.Reg. 67, 934, 68, 013 (Nov. 17, 2008) (referring to the "employer's statutory right to certification").

Because Plaintiffs have pled no facts to plausibly show consideration, their breach of contract claim must be DISMISSED with prejudice.

## CONCLUSION

For the reasons stated above, Counts One, Two and Three are DISMISSED with prejudice. The motion to dismiss filed by defendant Wageworks, Inc., will be terminated as moot. The Clerk of the Court is respectfully directed to terminate the motions, Docs. 17 and 24.

The parties are directed to appear for a status conference on March 8, 2013 at 10:00 a.m.

SO ORDERED.