18-3378-cv
*Taryn-Lee Andrew v. J.P. Morgan Chase & Co.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand nineteen.

PRESENT:   JOSÉ A. CABRANES,
                     JOSEPH F. BIANCO,
                              *Circuit Judges,*
                     EDWARD R. KORMAN,
                              *District Judge*[*]

---

TARYN-LEE ANDREW,
                     *Plaintiff-Appellant,*                                    18-3378-cv

          v.

J.P. MORGAN CHASE & CO.,
                     *Defendant-Appellee,*

WILLIAM EDWARD WATSON,
                     *Defendant.*

**FOR PLAINTIFF-APPELLANT:**                    Bernard V. Kleinman, Law Office of
                                                                     Bernard V. Kleinman, PLLC, Somers,
                                                                     New York.

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1

**FOR DEFENDANT-APPELLEE:**                    Jeremy M. Brown, Maxine H. Neuhauser, Epstein Becker & Green, P.C., Newark, New Jersey.

Appeal from an October 9, 2018 judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Plaintiff-Appellant Taryn-Lee Andrew ("Andrew") challenges the District Court's dismissal of her complaint for failure to state a claim against Defendant-Appellant J.P. Morgan Chase & Co. ("J.P. Morgan"). Specifically, she argues that she sufficiently stated a claim against J.P. Morgan for breach of a purported employment contract. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a District Court's dismissal for failure to state a claim *de novo. Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019).

In order for Andrew to succeed on her breach of contract claim, she must first show that a contract plausibly existed. She puts forward several arguments to support her claim that she had entered an employment contract with J.P. Morgan, which J.P. Morgan subsequently breached. We find each of the arguments to be insufficient to sustain Andrew's claim, and accordingly agree with the District Court's dismissal of her complaint.

First, Andrew argues that she had an employment contract with J.P. Morgan pursuant to its employee manual, known as the J.P. Morgan Chase & Co. "Code of Conduct." She contends that the Code of Conduct contains within it certain contractual rights that should be enforced against J.P. Morgan. She makes this claim while noting that the Code of Conduct also contains a disclaimer stating, specifically, that it does not "create[ ] a contract or guarantee of employment or confer[ ] any rights to continued employment" for J.P. Morgan employees. App'x 98. Indeed, this employment-at-will language is repeated in similar form in at least one other location in the Code. App'x 111. Nonetheless, Andrew suggests that such broad disclaimers should be read narrowly or not at all, since they do not specifically preclude the type of wrongful termination claim she is pursuing. We disagree.

"In New York, it has long been settled that an employment relationship is presumed to be a hiring at will, terminable at any time by either party." *Baron v. Port of Authority of New York and New Jersey*, 271 F.3d 81, 85 (2d Cir. 2001). It has further been settled that "[r]outinely issued employee manuals, handbooks and policy statements should not lightly be converted into binding employment agreements." *Lobosco v. New York Telephone Company/NYNEX*, 96 N.Y.2d 312, 317 (2001). This is

especially so when there is "conspicuous disclaiming language" in the manual, since the "employee seeking to rely on a provision [of a manual] arguably creating a promise must also be held to [be in] reliance on the disclaimer." *Id.* Here, Andrew cannot escape the clear language of the disclaimers contained within the Code of Conduct. They specifically say that no contract can be implied from the terms of the Code. Reading these provisions, while informed by the presumption in New York law that all employment is at-will, we find no reason to conclude that the Code formed a contract between Andrew and J.P. Morgan.

Next, Andrew argues that, even if the Code does not constitute a contract, the offer letter provided to her by J.P. Morgan must. She suggests that the letter—which contained information on her salary and start date, among other things—became binding once she accepted it. She further contends that it limited J.P. Morgan's ability to terminate her at-will. We disagree.

Notably, the letter to which Andrew references does not describe a specific term of employment. According to New York law, the lack of such a specific term undermines her claim, since "the presumption [is] that employment for an indefinite or unspecified term is at will and may be freely terminated by either party at any time without cause or notice." *Horn v. New York Times*, 100 N.Y.2d 85, 90-91 (2003). That presumption is operative here, where there is no evidence that J.P. Morgan intended Andrew's employment to be for a fixed duration.

In order to rebut that presumption, Andrew suggests that her H-1B visa, which is valid for a period of up to three years and may be extended for six, provided a *de facto* limitation on her term of employment. 8 C.F.R. § 214.2(h)(9)(iii)(A)(1). But this misreads the law: a visa for "up to three years" is a visa that *may* last until the end of a specific term, but need not. "Up to three years" establishes an upper limit, not a fixed duration.

Accordingly, Andrew's offer letter is not a contract, and so her complaint cannot state a claim for breach.

## CONCLUSION

We have reviewed all of the arguments raised by Andrew on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the October 9, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3