| |
|---|
| **Carey v Manhattan Coll.** |
| 2020 NY Slip Op 35563(U) |
| June 17, 2020 |
| Supreme Court, Bronx County |
| Docket Number: Index No. 31617/2019 |
| Judge: Wilma Guzman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |



SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF BRONX

-----------------------------------------------------------------------x

MICHAEL E. CAREY,

                                             Plaintiff,

                          -against-

MANHATTAN COLLEGE, RICHARD SATTERLEE,
TIFFANY FRENCH, JOHN/JANE DOES 1 through 10,

                                     Defendants.

-----------------------------------------------------------------------x

Index No. 31617/2019

Motion Calendar No. 3

Motion Date: 3/9/20

Motion Seq. No. 1

**DECISION/ORDER**

Present:

Hon. Wilma Guzman

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this Motion and Cross Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion, Affirmation in Support and Exhibits | 1 |
| Plaintiff's Affirmation in Opposition, Cross Motion, and Exhibits | 2 |
| Reply Affirmation | 3 |

*Upon the foregoing papers and after due deliberation, the Decision/Order on this Motion and Cross-Motion is as follows:*

The defendants Manhattan College, Richard Satterlee, Tiffany French, and John/Jane Does 1 through 10 (hereinafter "defendants," collectively) move this Court for an order pursuant to CPLR §§ 3211(a)(1) and (7) dismissing the action. For the reasons set herein, defendants' motion is denied in part and granted in part. The plaintiff, Michael E. Carey, moves this Court for leave to amend the complaint pursuant to CPLR § 3025. For the reasons set herein, plaintiff's cross motion is granted in part and denied in part.

This is an action alleging causes of action for defamation, breach of confidentiality, failure to follow procedure, breach of contract, and breach of the covenant of good faith and fair dealing. From 2006 until 2019, plaintiff worked in various administrative roles and as an adjunct professor at Manhattan College ("the College"). In early November 2018, Richard Satterlee, the Vice

[* 1]

President of Student Life, promoted plaintiff to Associate Vice President of Student Life/Dean of Students at the College. Plaintiff alleges that in early February 2019, he recommended Tiffany French, a colleague in the Office of the Dean of Students, for a promotion in the department. French filed a harassment complaint against plaintiff with the College in March 2019. This triggered an investigation into plaintiff's alleged conduct. The administrator who would ordinarily handle such investigations recused herself as a witness. The College then retained outside counsel, Bond Schoeneck & King PLLC, who conducted the investigation.

Upon completion of the investigation, the College terminated plaintiff. The College found that plaintiff had not retaliated against French after she requested a pay raise and promotion. However, the College found that plaintiff regularly made inappropriate comments of a sexual nature to colleagues while at work. The College also found that plaintiff consumed alcohol while at work on at least one occasion, and interacted with colleagues while inebriated on various occasions.

### Defendant's Motion to Dismiss

A motion to dismiss pursuant to CPLR § 3211(a)(1) should be granted only where the documentary evidence submitted absolutely resolves all factual allegations made in the plaintiff's complaint. Leon v. Martinez, 84 N.Y.2d 83 (1994). A motion to dismiss pursuant to CPLR § 3211(a)(7) requires that the Court favorably view the pleadings to determine whether a valid cause of action exists. Leon, 84 N.Y.2d at 87-88. On a motion to dismiss pursuant to CPLR § 3211(a)(7) for failure to state a cause of action, the pleading is to be afforded a liberal construction. See CPLR § 3026. The Court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. See Leon, 84 N.Y.2d at 87-88, Sokoloff v. Harriman Estates Dev. Corp., 96 N.Y.2d 409, 414 (2001). A CPLR § 3211 motion should be granted only where "the essential facts have been negated beyond substantial question by the affidavits and evidentiary matter submitted." Biondi v. Beekman Hill House Apartment Corp., 257 A.D.2d 76, 81 (1st Dept. 1999). Factual claims either inherently incredible or flatly contradicted by documentary evidence are not presumed to be true or accorded favorable inference. Biondi 257 A.D.2d at 81, citing Kliebert v. McKoan, 228 A.D.2d 232 (1st Dept. 1996), lv denied, 89 N.Y.2d 802.

2

[* 2]

*Plaintiff's Causes of Action for Defamation*

Plaintiff's first and second causes of action are for defamation. Defendant's motion to dismiss as to the defamation claims is denied as moot. As the Court explains below, plaintiff's cross motion for leave to amend the complaint is granted as to the defamation claims.

*Plaintiff's Causes of Action for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing*

Plaintiff's remaining causes of action are for breach of contract, breach of the covenant of good faith and fair dealing, failure to follow procedure, and breach of confidentiality. These claims flow from the proposition that plaintiff is not an at will employee. Where employment is at will, an employee may be terminated at any time for any reason, or for no reason at all. See Lobosco v. New York Tel. Co./NYNEX, 96 N.Y.2d 312, 316 (2001). Absent an agreement establishing a fixed duration, an employment relationship is presumed to be hiring at will and terminable at any time by either party. Sabetay v. Sterling Drug, 69 N.Y.2d 329, 333 (1987). Defendants provided the Court with the letter, written and signed by Satterlee, which appointed plaintiff to Associate Vice President for Student Life and Dean of Students. The appointment letter unequivocally states that this role is "an at will position." The letter also states that it is "not a contract of employment." Thus, plaintiff was an at-will employee in his capacity as a College administrator.

Plaintiff was also employed as an adjunct professor. The adjunct professorship was a part-time position appointed on a semester basis. Plaintiff alleges that he was entitled to employment until at least June 30, 2020, because the College required periodic reviews and notice of non-retention for the next semester. Plaintiff asserts that these requirements were ignored and that he had a reasonable expectation of continued employment. Defendants provided the Court with plaintiff's Part-Time Faculty Salary Agreement. This agreement states that plaintiff was appointed for the Spring 2019 Semester, and that "[a]nother agreement may be renegotiated . . . after this present appointment terminates" should the "needs of the College require it." The Faculty Handbook for the College, annexed to plaintiff's affidavit, states that part-time faculty such as plaintiff "shall receive term contracts" with "no presumption of reappointment. No notice of non-reappointment is required." In his affirmation in opposition and cross motion, plaintiff states that the spring 2019 semester ended on June 30, 2019.

3

[* 3]

The documentary evidence submitted by both plaintiff and defendants flatly contradicts plaintiff's assertion that he was secured employment through June 30, 2020. According to the Faculty Handbook, the College had no duty to provide notice of reappointment of the adjunct professor position. Plaintiff was not reappointed upon the expiration of the spring 2019 semester. Thus, by the time plaintiff was terminated in August 2019, he was no longer employed as an adjunct professor and not subject to any contractual obligations flowing from his adjunct professor agreement. In August 2019, Plaintiff was employed at will as an administrator. He could be terminated at any time for any reason, or for no reason at all. See Lobosco, 96 N.Y.2d at 316, Sabetay, 69 N.Y.2d at 333. Thus, plaintiff's cause of action for breach of contract is dismissed. See Lobosco, 96 N.Y.2d at 316-17 (2001) (holding that where the employee manual made clear that the employer could terminate at will, the plaintiff "cannot reasonably impose an express or implied contractual obligation on [defendant] that would limit its right to terminate plaintiff's employment"). Plaintiff's claim for breach of the covenant of good faith and fair dealing is also dismissed. See Murphy v. American Home Prod., 58 N.Y.2d 293, 304-05 (1983) (holding that the covenant of good faith and fair dealing may not be implied in at will employment, where the obligation would be "incongruous" and "destructive" of the employer's right to terminate at will).

### *Plaintiff's Cause of Action for Failure to Follow Procedure*

Plaintiff also alleges a cause of action for failure to follow procedure during the investigation into plaintiff's alleged misconduct, as set forth in the Employee and Faculty Handbooks. Plaintiff alleges in his complaint "[a] proper investigation includes charges, identification of the accuser, an opportunity for rebuttal by the accused, a neutral deliberative body, if required, and a right to appeal," and that these procedures were substantially ignored. Plaintiff concedes in the complaint that he received the allegations against him in correspondence from a College administrator. Nothing in either Handbook guarantees that the accused must be identified to plaintiff. Upon the filing of a grievance, the Faculty Handbook provides that the Affirmative Action Officer of the College may "initiate a preliminary informal investigation of a complaint of sexual harassment or discrimination." The Officer has "wide latitude in the manner of scope of the investigation" and will ultimately "make an initial determination about whether the matter may be handed by means of an informal resolution of whether a formal hearing is needed." Informal resolution includes termination. The Faculty Handbook flatly contradicts plaintiff's assertions

4

[* 4]

about defendants' handling of the investigation. Therefore, plaintiff's cause of action for failure to follow procedure is dismissed.

### *Plaintiff's Cause of Action for Breach of Confidentiality*

Plaintiff also alleges a breach of confidentiality claim. He alleges that defendants failed to protect his privacy interests during the investigation, causing the investigation to become known at the College and "in the local area." In his affirmation in opposition and cross motion, plaintiff alleges that defendants' duty to maintain confidentiality is found in the Faculty and Employee Handbooks. Both Handbooks state that though the College will make efforts to maintain confidentiality in the grievance process, "[c]onfidentiality cannot be guaranteed." Where harassment is involved, the Employee Handbook is clear that the matter "may not be kept confidential." The Handbooks do not contain any provisions that explicitly and unilaterally guarantee plaintiff's privacy during an investigation.

Plaintiff's cause of action for breach of confidentiality may be cognizable as a tort. However, the documentary evidence flatly contradicts plaintiff's assertion that defendants failed to protect a privacy interest afforded by the Faculty and Employee Handbooks. The Handbooks do not trigger a duty onto defendants to maintain the confidentiality of the investigation. In the absence of duty, there is no breach and without a breach there is no liability. Pulka v. Edelman, 40 N.Y.2d 781, 782 (1976), accord Strauss v. Belle Realty Co., 65 N.Y.2d 399, 402 (1985). Thus, the cause of action for breach of confidentiality is dismissed.

### *Plaintiff's Cross Motion for Leave to Amend the Complaint*

Plaintiff seeks leave from the Court to amend his complaint per CPLR § 3025. CPLR § 3025(b) requires that the proposed amended pleading "clearly show[] the changes or additions to be made to the pleading." Although plaintiff attaches the proposed amended complaint to the cross motion, the changes or additions to the complaint are not clearly shown. See Cafe Lughnasa Inc. v. A&R Kalimian LLC, 111 N.Y.S.3d 268, 270 (1st Dept. 2019). Regardless, leave to amend a pleading should be "freely given" per CPLR § 3025(b), "as a matter of discretion in the absence of prejudice or surprise." Cafe Lughnasa Inc. v. A & R Kalimian LLC, 111 N.Y.S.3d 268, 269 (1st Dept. 2019). Prejudice arises where a party incurs a change in position or is hindered in the

5

preparation of its case, which could have been avoided had the original pleading contained the proposed amendment. Whalen v. Kawasaki Motors Corp., 92 N.Y.2d 288, 293 (1988); Valdes v. Marbrose Realty, 734 N.Y.S.2d 24, 25 (1st Dept. 2001). Leave will be denied where the proposed amendment lacks merit and would serve no purpose other than to needlessly complicate and/or delay discovery and trial. Id., quoting Verizon N.Y. Inc. v. Consolidated Edison, Inc., 830 N.Y.S.2d 902 (1st Dept. 2007).

Some of the proposed changes to the complaint appear to consist of additional factual detail in the defamation causes of action. Plaintiff annexes correspondence, dated June 14, 2019 and authored by College administrator Barbara Fabe, setting forth the alleged incidents of harassment that were the subject of the investigation. Plaintiff's original complaint only included vague, paraphrased references to possibly defamatory statements. Plaintiff's proposed amended complaint appears to identify the June 14, 2019 correspondence as defamatory material. This fulfills the time, place, and manner requirement for defamation pleadings. Dillon v. City of New York, 704 N.Y.S.2d 1, 5 (1st Dept. 1999). Plaintiff did not identify to whom the allegedly defamatory statements were made, another pleading requirement for defamation. Romanello v. Intesa Sanpaolo S.p.A., 97 A.D.3d 449, 455 (1st Dept. 2012). However, the Court in its discretion will grant plaintiff's branch of the motion seeking leave to amend his cause of action for defamation in accordance with the pleading requirements. Defendants will not be prejudiced by plaintiff's amendments, as their position remains unchanged and they may still prepare their case against plaintiff.

Plaintiff's proposed amended complaint also includes changes to the causes of action for breach of contract and failure to follow procedure. Plaintiff adds a reference to the Handbooks to his breach of contract claim, alleging that the Handbooks' policies were incorporated into the letter promoting him to Dean. But as the Court explained above, the Dean position was, indisputably, at will. The plain text of the Handbooks supports this conclusion. In the proposed amended cause of action for failure to follow procedure, plaintiff adds a reference to the involvement of the College Provost in the investigation. However, according to the Faculty Handbook annexed by plaintiff, the Provost need not be involved in an informal grievance procedure such as plaintiff's. The proposed changes lack merit. Plaintiff was an at will employee at the time of his termination, the Handbooks do not guarantee confidentiality of an investigation, and the College followed the

6

[* 6]

grievance procedures in the Handbooks. Thus, plaintiff's branch of the motion seeking leave to amend the causes of action for breach of contract and failure to follow procedure is denied.

Plaintiff also added requested leave to add two additional causes of action to the amended complaint: (1) wrongful termination without reasonable notice and (2) retaliation. As the Court set forth above, plaintiff was an at will employee at the time of termination. Thus, no "reasonable notice" under the law was required for his termination. See Horn v. New York Times, 100 N.Y.2d 85, 90-91 (2003) ("[t]he traditional American common-law rule undergirding employment relationships . . . is the presumption that employment for an indefinite or unspecified term is at will and may be freely terminated by either party at any time without cause or notice"). Therefore, the proposed cause of action for wrongful termination lacks merit. Thus, as to this proposed cause of action, the Court denies plaintiff's branch of the motion seeking leave to amend the complaint to add the cause of action for wrongful termination.

The Court finds at this time that Plaintiff's retaliation claim has merit. To state a claim for retaliation under the New York State Human Rights Law ("State HRL"), plaintiff must allege in the complaint that he engaged in a protected activity, that defendants were aware of such action, that he was subject to an adverse action, and that there was a causal connection between the protected activity and the adverse action. Fletcher v. Dakota, Inc., 948 N.Y.S.2d 263, 269 (1st Dept. 2012). To state a claim under the New York City Human Rights Law ("City HRL"), plaintiff must similarly allege in the complaint that he engaged in a protected activity known to defendants, that defendants took an action against him which disadvantaged him, and that there is a causal connection between the protected activity and adverse action. Id.

According to plaintiff, the College intended to improperly deny French and her spouse on-campus housing. Plaintiff asserts in the complaint that he "advised all of the proper hiring practices for a lesbian [French]," but was "silenced" by College administrators. Plaintiff, in opposing discrimination against French on the basis of her sexual orientation, engaged in a protected activity under the State and City HRLs. Fletcher, 948 N.Y.S.2d at 270. Plaintiff alleges that defendants were aware that he engaged in this protected activity, that he was subject to the harassment investigation and termination as a result of this conduct, and that there is a causal connection between the protected activity and the adverse action. The College administrators who allegedly discriminated against French were also involved in the investigation against plaintiff, supporting an inference of possible retaliation. Plaintiff does not state when he engaged in the protected

7

[* 7]

activity, but it appears to have taken place sometime between 2018 and February 2019. Plaintiff received notice of the investigation in June 2019 and was terminated in August 2019. Lack of temporal proximity between the protected activity and the adverse action does not defeat the claim where other facts support causation. Fletcher, 948 N.Y.S.2d at 270; Local 621 v. New York City Dept of Transportation, 111 N.Y.S.3d 588, 591 (1st Dept. 2019).

Thus, Plaintiff's branch of the motion seeking leave to amend the complaint as to the defamation and retaliation causes of action is granted.

Accordingly, it is,

ORDERED AND ADJUDGED that defendant's motion to dismiss pursuant to CPLR §3211(a)(1) is hereby denied as to plaintiff's 1st and 2nd causes of action, the defamation claims. It is further,

ORDERED AND ADJUDGED that defendant's motion to dismiss pursuant to CPLR §3211(a)(1) is hereby granted as to plaintiff's 5th, 6th, 3rd, and 4th causes of action, for breach of contract, breach of the covenant of good faith and fair dealing, breach of confidentiality, and failure to follow procedure, respectively. It is further,

ORDERED AND ADJUDGED that defendant's motion to dismiss pursuant to CPLR § 3211(a)(7) is hereby denied as to plaintiff's 1st and 2nd causes of actions, the defamation claims. It is further,

ORDERED AND ADJUDGED that defendant's motion to dismiss CPLR § 3211(a)(7) is granted as to plaintiff's 5th, 6th, 3rd and 4th causes of action for breach of contract, breach of the covenant of good faith and fair dealing, breach of confidentiality, and failure to follow procedure, respectively. It is further

ORDERED AND ADJUDGED that plaintiff's cross-motion for leave to amend the complaint pursuant to CPLR § 3025 is granted to the extent of amending the defamation claims to conform to the facts and adding a retaliation claim. And it is further

ORDERED AND ADJUDGED that plaintiff is directed to serve and file the amended complaint with Notice of Entry within thirty (30) days from the date of entry upon all parties herein and upon the clerk of the Court. It is further,

ORDERED AND ADJUDGED that defendant serve and file an answer within 20 days after service of the amended complaint as provided herein.

8

[* 8]

ORDERED and ADJUDGED that defendant serve a copy of this Order with Notice of Entry within thirty (30) days from the date of entry upon all parties herein and upon the clerk of the Court. And it is further

This constitutes the decision and order of the Court.

Date: June 17, 2020

_____

Hon. Wilma Guzman, J.S.C

9

[* 9]